**YIYIN CHEN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 08–1253–ag.**

United States Court of Appeals, Second Circuit.

Jan. 6, 2009.

---

741

Fuhao Yang, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, John S. Hogan, Senior Litigation Counsel, Regan Hildebrand, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Civil Division, Washington, D.C., for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. ROSEMARY S. POOLER and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Yiyin Chen, a citizen of the People's Republic of China, seeks review of a February 15, 2008 order of the BIA affirming the June 8, 2006 decision of Immigration Judge ("IJ") Sarah M. Burr denying Chen's application for asylum and withholding of removal. *In re Yiyin Chen,* No. A 98 889 403 (B.I.A. Feb. 15, 2008),

*aff'g* No. A 98 889 403 (Immig. Ct. N.Y. City, June 8, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *See Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir.2007). For applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii).

We find that the agency's adverse credibility determination was supported by substantial evidence. The agency reasonably found it implausible that: (1) the authorities fined Chen's mother for violating the family planning policy twenty years after she was forcibly sterilized; and (2) Chinese authorities would issue a receipt listing the fine as paid in January 2005, two months before Chen allegedly sent money from the United States to his parents to pay the fine. These findings were sufficient to support the conclusion that Chen was not credible. Accordingly, the agency's denial of asylum was not improper.

Because Chen's asylum and withholding of removal claims were premised on the same factual predicate, the adverse credibility determination was fatal to both claims. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.